UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-30504
Summary Calendar
_____

IN THE MATTER OF: JAMES G. BLANCHARD and
SYLVIA K. BLANCHARD,

Debtors.

James G. Blanchard and Sylvia K. Blanchard,

Appellants,

versus

Mortgage Funding Corp./PFI; PPF Financial Corp.,

Appellees.

_____

Appeal from the United States District Court for the
Eastern District of Louisiana
(CA-94-3495-S)
_____
(October 19, 1995)

Before KING, SMITH and BENAVIDES, Circuit Judges.

BENAVIDES, Circuit Judge[*]:

Appellants James and Sylvia Blanchard filed an adversary

complaint in bankruptcy court against appellees Mortgage Funding

_____

[*]Local Rule 47.5 provides:  "The publication of opinions that
have no precedential value and merely decide particular cases on
the basis of well-settled principles of law imposes needless
expense on the public and burdens on the legal profession."
Pursuant to that Rule, the Court has determined that this opinion
should not be published.

Corporation and PPF[1], seeking to cancel a consent judgment rendered against the Blanchards' property in New Orleans. The bankruptcy court denied relief, which the district court affirmed. Finding no error in either the bankruptcy court's or the district court's judgment, we affirm.

## I. The Controversy

In October 1991, the Blanchards granted American Savings and Loan consent judgments in four mortgage foreclosure proceedings against various properties owned by the Blanchards in New Orleans, including the Blanchards' property on Race Street (the "Race Street property"). The judgment at issue in the instant cause (the "Race Street judgment") subsequently was assigned to PPF.

The Blanchards eventually sold the Race Street property. At the act of sale, the Blanchards were unrepresented by counsel. John Marsiglia, an attorney for Mortgage Funding and PPF, acted as notary on the sale. The Blanchards contend that Marsiglia and John Guice, vice-president of PPF, each represented to them that PPF would accept the sale proceeds from the Race Street property as full satisfaction, thereby cancelling the Race Street judgment.

Several months later, the Blanchards were in the process of

---

[1] Appellants erroneously referred to PPF, the owner of the judgment against them, as PFI. PPF, an affiliate of Mortgage Funding Corporation, filed an answer, indicating that it was answering the suit "even though it had not been made a party [because] plaintiffs may have meant to include PPF Financial Corporation." The district court concluded that PPF became a party to the suit by filing an answer. PPF does not appeal the district court's finding and, thus, it is not an issue before us on appeal.

selling their Third Street property, which was also subject to a consent judgment. They discovered that Mortgage Funding and PPF had only partially canceled the Race Street judgment and, thus, the judgment acted as a judicial mortgage against the Blanchards' other properties.

The Blanchards filed an adversary complaint in the Bankruptcy Court for the Eastern District of Louisiana against Mortgage Funding and PPF for injunctive relief and to cancel the Race Street judgment. On September 27, 1994, the bankruptcy court denied the Blanchards' requests. The Blanchards appealed to the district court, which affirmed the bankruptcy court's judgment. The Blanchards appeal, arguing that the district court erred by improperly applying the uncontradicted testimony rule and the adverse witness rule.

## II. DISCUSSION

In the hearing before the bankruptcy court, the Blanchards testified that they entered into an oral agreement with Guice to cancel the Race Street judgment in its entirety. The Blanchards also asserted that Marsiglia had assured them that the judgment would be cancelled in full. Marsiglia, however, denied that he had ever informed the Blanchards that they would receive a full release from the Race Street judgment. Marsiglia further testified that, although he was not present during any of the conversations between the Blanchards and Guice, he understood the agreement to provide only a partial release from the Race Street judgment. Guice did

3

not appear at the hearing. The district court concluded that the bankruptcy court had "viewed and judged the credibility of the witnesses . . . and obviously gave more weight to Marsiglia's testimony," and that this finding was not clearly erroneous.

A bankruptcy court's findings of fact "shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." Bankr. R. 8013. A finding of fact is clearly erroneous when the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed. In re Missionary Baptist Found. of Am., 818 F.2d 1135, 1142 (5th Cir. 1987). Strict application of the clearly erroneous rule is particularly warranted when the district court has affirmed the bankruptcy court's judgment. Id.

The Blanchards contend that the district court erred in finding that no agreement existed between the Blanchards and Guice to fully release the Race Street judgment because the bankruptcy court should have given conclusive weight to their uncontradicted testimony about Guice's statements. The Blanchards base their argument on the fact that Guice did not testify at trial to rebut their claims of a full release. The district court, however, explicitly concluded that Marsiglia offered contradictory testimony on the issue of full release.

A trier of fact has no right to refuse to accept testimony when it is unimpeached, uncontradicted, and its credibility has not been questioned. United States v. Johnson, 208 F.2d 729, 730 (5th Cir. 1953); see National Labor Relations Bd. v. Ray Smith Transp.

4

<u>Co</u>., 193 F.2d 142, 146 (5th Cir. 1951). In the instant cause, the bankruptcy court concluded that the Blanchards had not "carried the burden of proving that this judgment should be cancelled entirely or *that there was any agreement on the part of the holder of the mortgage . . . to cancel the entire debt*." (Emphasis added.) It is clear that the bankruptcy court questioned the credibility of the Blanchards' testimony that an agreement existed. As a reviewing court, we are required to give due deference to the bankruptcy court's opportunity to judge the credibility of the witnesses. <u>In re Coston</u>, 991 F.2d 257, 262 (5th Cir. 1993).[2]

The district court did not err in concluding that Marsiglia's testimony of his understanding of the agreement between Guice and the Blanchards as encompassing only a partial release contradicted the Blanchards' testimony. The Blanchards' testimony was contradicted and its credibility was questioned. The bankruptcy court, therefore, was not required to accept the testimony as dispositive on the issue of release. <u>See</u> <u>Johnson</u>, 208 F.2d at 730 (concluding that a district court cannot reject testimony that is uncontradicted and unimpeached).

---

[2] The record provides ample evidence to support the bankruptcy court's determination that the Blanchards had failed to carry the burden of proof. In addition to Marsiglia's testimony that denied the existence of an agreement to a full release, we note that James Blanchard was unable to give specific dates on which Guice had allegedly agreed to a full release, stating that he "wouldn't insult this court by trying to give you a date. He told it to me repeatedly." Although the Blanchards testified that Guice had promised a full release, they admitted that they had no written letters or agreements that indicated PPF's intention to grant a full release of the Race Street judgment. The bankruptcy court's decision not to give great weight to the Blanchards' self-serving testimony was within its discretion. <u>See</u> <u>In re Coston</u>, 991 F.2d at 262.

5

The district court correctly reviewed the bankruptcy court's finding under the clearly erroneous standard. Because the bankruptcy court's "account of the evidence is plausible in light of the record viewed in its entirety," we will not reverse it based on the Blanchards' assertion that their testimony on full release was uncontroverted. Anderson v. City of Bessemer City, N.C., 470 U.S. 564, 574, 105 S. Ct. 1504, 1511, 84 L. Ed.2d 518 (1985).

The Blanchards also contend that the district court erred in its application of the "adverse witness" rule, under which a party's failure to call a witness within its control who could testify to material facts permits a court to draw an inference against that party. In re Evangeline Ref. Co., 890 F.2d 1312, 1321 (5th Cir. 1989). The rule is discretionary and is subject to an abuse of discretion standard. Id. The adverse witness rule only applies, however, where a party "has it peculiarly within his power to produce witnesses whose testimony would elucidate the transaction [at issue]." Herbert v. Wal-Mart Stores, Inc., 911 F.2d 1044, 1046 (5th Cir. 1990) (quoting Graves v. United States, 150 U.S. 118, 121, 14 S. Ct. 40, 41, 37 L. Ed. 1021 (1893)).

The district court concluded that the Blanchards had failed to show that it was peculiarly within PPF's power to produce Guice.[3] See Herbert, 911 F.2d at 1049. The Blanchards argue on appeal to this Court that Guice was peculiarly within PPF's power to produce because they could not subpoena him to testify as he lived and

---

[3] The district court also concluded that because Guice's testimony would have been largely cumulative of Marsiglia's, the bankruptcy court did not abuse its discretion in failing to draw an adverse inference. We express no opinion on this conclusion.

6

worked in Hattiesburg, Mississippi, more than one-hundred miles from the bankruptcy court in New Orleans. See Fed. R. Civ. P. 45(b)(2) (stating that a subpoena may be issued at any place within 100 miles of the place of the hearing or trial); Bankr. R. 9016 (making Rule 45 applicable to all bankruptcy cases). The Blanchards, however, did not make this argument before either the bankruptcy court or the district court.

Indeed, the Blanchards neither requested that the bankruptcy court apply the adverse witness rule nor made the requisite showing that Guice was peculiarly within PPF's control. It is only before this Court that the Blanchards assert that because Guice lives and works more than 100 miles from the place of the hearing, he was not subject to the subpoena power of the court, and is thus peculiarly within PPF's control. This Court is ill suited to make an initial factual determination with respect to these issues as urged by the Blanchards. The bankruptcy court's unique role as fact finder places it in the best position to determine whether Guice was peculiarly within PPF's control. See Richmond Leasing Co. v. Capital Bank, N.A., 762 F.2d 1303, 1308 (5th Cir. 1985) (holding that the bankruptcy court's role as fact finder entitles it to deference from reviewing courts).

In light of the Blanchards' failure to request that the bankruptcy court apply the adverse witness rule and their failure to present evidence that Guice was peculiarly within PPF's control, we conclude that the bankruptcy court did not abuse its discretion by not applying the rule. See In re Evangeline Ref. Co., 890 F.2d at 1321 (determining that the rule is subject to an abuse of

discretion standard).  The district court did not err in not applying the adverse witness rule in its review of the bankruptcy court's ruling.  Finding no error in the bankruptcy court proceedings or in the district court's review of the same, we affirm the district court's judgment, which affirmed the bankruptcy court's decision to deny relief to the Blanchards.

AFFIRMED.